# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTURO TORRES OCHOA,

 *Plaintiff*,

vs.

BRIAN SANDOVAL, *et al.*,

 *Defendants*.

3:12-cv-00182-LRH-VPC

ORDER

  Plaintiff, a Nevada state inmate, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

  The application is incomplete. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither. Plaintiff did not attach an executed financial certificate. Nor did he attach a statement of his inmate trust account for the past six months. The purported one-page account statement that he submitted is not a statement of plaintiff's inmate trust account for the past six months.

  Plaintiff, who is in Ely State Prison, submitted a letter with his application in which he indicates that he sent a financial certificate to inmate accounting in Carson City on March 18, 2012, which is only 10 days prior to the alleged March 28, 2010, date of mailing of his complaint. Plaintiff, not the Court, must wait for an executed financial certificate to be returned to him. Plaintiff must submit a properly completed pauper application at the time that he submits his complaint in order to properly commence a civil action. Plaintiff indisputably has been made aware of this requirement given that he has an

extensive litigation history in this Court, including having three or more strikes for purposes of 28 U.S.C. § 1915(g) following upon his filing of, *inter alia*, delusional and frivolous filings.[1] It does not appear from review of the allegations presented that a dismissal without prejudice will result in a promptly-filed properly commenced action being time-barred.  The improperly-commenced action therefore will be dismissed without prejudice.

In this regard, plaintiff failed to fill out the inquiries in the complaint form regarding his prior litigation history.  If plaintiff fails to do so again, the complaint may be dismissed for failure to follow the instructions and/or sanctions may be imposed against plaintiff.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint in a new action together with either a new pauper application with all required attachments or payment of the $350.00 filing fee.

The Clerk of Court shall send plaintiff a copy of the papers that he filed along with the complaint and pauper forms and instructions.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 11th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Ochao v. David*, No. 3:10-cv-00483-ECR-VPC, #7 at 1 n.1.